727 So.2d 278 (1999)
Donald James CULVER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04342.
District Court of Appeal of Florida, Second District.
February 10, 1999.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Judge.
Donald James Culver appeals judgments and sentences for engaging a child in sexual activity, sexual battery, and incest. He raises three issues on appeal. We find the first two issues, which relate to his convictions, to be without merit, and we affirm the judgments without discussion. We find merit, however, in the third issue, regarding the sentence imposed on the incest conviction.
The State filed a five-count information charging Culver with three counts of engaging a child in sexual activity, sexual battery, and incest. A jury found him not guilty on counts I and II, engaging a child in sexual activity. It found him guilty as charged on count III, engaging a child in sexual activity; count IV, sexual battery; and count V, incest. The trial court orally pronounced a sentence of seventeen years' prison followed *279 by ten years' probation on counts III and IV, which are first-degree felonies, and a sentence of five years' prison on count five, a third-degree felony. The written sentence, however, erroneously reflects no term of probation on count III and a ten-year term of probation on count V.
The offenses charged in counts III and IV were alleged to have occurred between January 1993 and January 1994, while the offense charged in count V was alleged to have occurred after January 1, 1994. As a result, two scoresheets were prepared in this case. See § 921.001(4)(b)4., Fla. Stat. (1995). The scoresheet for counts III and IV reflects a guidelines range of seven to seventeen years' prison. The scoresheet for count V reflects a guidelines range of sixteen to twenty-seven months' prison. Thus, the five-year prison sentence on count V exceeds the guidelines range. The trial court did not provide written reasons for the departure, as required by section 921.001(6).
We, therefore, reverse the sentence imposed on count V and remand for resentencing within the guidelines on that count. We also remand for the written sentence on count III to be conformed to the trial court's oral pronouncement. We affirm in all other respects.
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and BLUE, J., Concur.