779 So.2d 425 (2000)
Jacob CASH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4594.
District Court of Appeal of Florida, Second District.
October 11, 2000.
James Marion Moorman, Public Defender, Bartow, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Jacob Cash challenges his conviction and sentence on charges of second-degree murder (count I) and shooting at, within, or into an occupied vehicle (count II). We find no merit in Cash's claims regarding his conviction and only address the challenge to his sentence. The trial court sentenced Cash to fifty years' incarceration on count I. He argues that this sentence improperly exceeds the guidelines range. We agree and reverse his sentence as to count I and remand for resentencing.
Cash scored 375.6 points on his sentencing guidelines scoresheet, putting him in a sentencing range of 260.7 to 434.5 months' imprisonment. Section 921.0014(2), Florida Statutes (1997), provides, "If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment." The trial court (and the assistant state attorney) misunderstood this provision to allow a sentence of years up to life. However, by a strict reading of the statutory language, this provision allows only a guidelines sentence or a life sentence.
Because this sentence exceeded the guidelines but was not a life sentence, the trial court was required to give written reasons justifying the departure. See § 921.001(6), Fla. Stat. (1997). The trial court failed to provide written reasons. Accordingly, we reverse the sentence as to count I and remand for resentencing. See Culver v. State, 727 So.2d 278 (Fla. 2d DCA 1999).
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA, J., Concur.