PER CURIAM.
Lazaro Yero appeals from the denial of his 3.800 motion for postconviction relief. We affirm.
Yero and his co-defendants committed a home invasion robbery in which two of the eight victims were kidnapped and one of the kidnapped victims was seriously beaten. After jury trial, Yero was found guilty of eight counts of robbery with a firearm; two counts of kidnapping with a weapon, seven counts of false imprisonment, one count of burglary of an occupied dwelling with an assault with a dangerous weapon, and one count of battery. Yero was sentenced to a life term for one count of robbery with firearm and ten years for each remaining count of robbery with firearm, each to run concurrent with the first life term; two concurrent life terms for the kidnapping counts, to run consecutive to the robbery life term; five years concurrent for each false imprisonment count; fifteen years for the burglary with assault with deadly weapon, to run consecutive to the kidnapping sentences; and, finally, sixty days for the battery count.
Yero took a direct appeal, and this court affirmed. Yero v. State, 504 So.2d 772 (Fla.3d DCA 1987). Yero now contends that because the guideline sentence recommended life, his two consecutive life terms and the additional fifteen-year consecutive term constitute an upward departure without written reasons. This, however, is not an illegal sentence. See Davis v. State, 661 So.2d 1193 (Fla.1996). Thus, Yero could only seek post-conviction relief through Rule 3.850. As the time for a 3.850 petition has long expired there can be no relief.
Affirmed.