785 So.2d 648 (2001)
Damon WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1364.
District Court of Appeal of Florida, Second District.
May 9, 2001.
James Marion Moorman, Public Defender, and James C. Banks, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Damon Willis appeals the sentence imposed following his convictions for three counts of sexual battery, one count of aggravated battery, and one count of false imprisonment. Because the sentence imposed by the trial court circumvents clear statutory limitations, we reverse.
The sentencing guidelines scoresheet prepared after Willis's convictions calculated his total sentence points at 459. The statutory maximum sentence for Willis's offenses was 15 years; however Willis's guidelines minimum sentence was 323 months or 26.9 years. Because of the total sentencing points, the trial court had the discretion to impose a life sentence under section 921.0014(2), Florida Statutes (1997).[1]
At the sentencing hearing, the trial court correctly recognized that it had to sentence Willis to either 26.9 years or life. § 921.001(5), Fla.Stat. (1997) ("If a recommended sentence under the guidelines exceeds the [statutory maximum sentence], the sentence under the guidelines must be *649 imposed, absent a departure."). The trial court also correctly recognized that a sentence of 30 years would be considered an upward departure. Despite the recognition of these statutory limitations on its sentencing discretion, the trial court sentenced Willis to life, suspended after 30 years to be followed by 10 years' probation. Because it had technically imposed a life sentence, the trial court did not give any written reasons to justify the upward departure from the guidelines sentence.
In addressing the proper application of the "life" provision of section 921.0014(2), this court has held that when the defendant's total sentence points equal or exceed 363, the trial court may sentence the defendant to either a guidelines sentence or a life sentence. Cash v. State, 779 So.2d 425 (Fla. 2d DCA 2000). The plain language of the sentencing guidelines does not allow a sentence for a term of years in excess of the guidelines but less than life absent written reasons for the upward departure from the guidelines. Id.
In light of the plain language of section 921.0014(2) and our decision in Cash, we conclude that the sentence imposed by the trial court in this case is not permitted.[2] The trial court in this case technically imposed a life sentence but actually imposed a sentence in excess of the guidelines but less than life without written reasons for the upward departure. If a life sentence suspended after a term of years is allowed to stand under the circumstances presented here, the trial court is, in effect, circumventing the legislature's intent and the plain language of section 912.0014(2). Because we cannot permit the trial court to circumvent the clear language of the sentencing guidelines in this manner, Willis's sentence must be reversed and the case remanded for the trial court to impose either a guidelines sentence or a straight life sentence.
Reversed and remanded for resentencing.
FULMER and SILBERMAN, JJ., concur.
NOTES
[1] Section 921.0014(2), Florida Statutes (1997), states in part: "If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment."
[2] The Cash opinion had not been issued when Willis was sentenced. However, the trial court's statements on the record at sentencing make it clear that it understood the statute to require either a guidelines sentence or a life sentence.