PER CURIAM.
Donald J. Culver challenges the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Culver raises two issues in this appeal, only one of which has merit. As to that issue, because the attachment to the trial court’s order does not show that the written judgment and sentence comport with the trial court’s oral pronouncement, we reverse.
From the very limited record available, it appears that Culver was convicted of one count of engaging a child in sexual activity (count III of the information), one count of sexual battery (count IV of the information), and one count of incest (count V of the information). On direct appeal, this *1127 court affirmed Culver’s convictions but remanded for resentencing. Culver v. State, 727 So.2d 278 (Fla. 2d DCA 1999). This court found that the trial court orally pronounced concurrent sentences of seventeen years’ prison followed by ten years’ probation on counts III and IV and a concurrent sentence of five years’ prison on count V. Id. at 278-79. However, this court found that the written sentence reflected no term of probation on count III and ten years’ probation on count V. Id. at 279. This court also found that the prison sentence on count V exceeded the guidelines range with no written reasons for the upward departure. Id. Thus, this court remanded for correction of the written sentence on count III and resentencing to a sentence within the guidelines range on count V. Id. In his current motion, Culver argues that while the trial court did correct the sentence on count V on remand, it did not correct his written sentence on count III to comport with the trial court’s oral pronouncement as this court ordered. Culver again seeks correction of his written sentence to reflect the trial court’s oral pronouncement.
The trial court’s order denying Cul-ver’s motion must be reversed for two reasons. First, the trial court denied Cul-ver’s motion to correct his sentence, but then directed the clerk of court to determine whether Culver’s sentence on count III was correct and, if not, to correct the judgment and sentence sheets to reflect a sentence on count III of seventeen years’ prison followed by ten years’ probation. The trial court may not delegate its sentencing authority to the clerk of court. If Culver’s judgment and sentence sheets are incorrect, they must be corrected by the trial court-not by the clerk of court.
Second, the attachment to the trial court’s order does not refute Culver’s claim that his written sentence does not reflect the trial court’s oral pronouncement. In order to deny Culver’s motion, the trial court had to attach those portions of the record that conclusively showed that Culver’s written sentence accurately reflected the trial court’s oral pronouncement. See, e.g., Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000); Ducharme v. State, 690 So.2d 1358, 1361 (Fla. 2d DCA 1997). Here, however, the only attachment to the trial court’s order is an undated excerpt from a sentencing hearing. It is not clear whether this excerpt is from Culver’s original sentencing or his resen-tencing following remand by this court. In the excerpt, the trial court imposes only a seventeen-year prison sentence on count III. It does not impose any term of probation to follow the prison time. While it is clear from the excerpt that the sentencing hearing was continued, there is no transcript of the continuation of the hearing. Thus, the attachment to the trial court’s order does not refute Culver’s argument that the written sentence was never conformed to the trial court’s oral pronouncement.
On remand, the trial court may again deny Culver’s motion if it attaches those portions of the record that clearly show that Culver is not entitled to relief. If, however, the written sentence does not comport with the oral pronouncement, the trial court must correct the judgment and sentencing sheets.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.