823 So.2d 174 (2002)
Brian WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3179.
District Court of Appeal of Florida, Second District.
July 10, 2002.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
In 1996, Brian West pleaded guilty to one count of lewd and lascivious activity.[1] The court placed him on 60 months' probation. He eventually violated that probation and was sentenced to 62.5 months' imprisonment. In this appeal, he challenges the accuracy of the scoresheet prepared when he was first placed on probation and subsequently used to determine his sentence at the revocation hearing. We reverse and remand for a new sentencing hearing.
At sentencing, and in a subsequently filed motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b), West made two arguments. First, he claimed that some of his prior record was improperly scored. Second, he asserted that he should not have been assessed 40 points for sexual penetration because his plea agreement did not contemplate these points. He contended he could only be assessed 18 points for sexual contact. The State filed a corrected scoresheet concerning West's previous crimes, which resulted in a range of incarceration between 58.95 months and 98.25 months, rather than the previously-calculated range of 62.5 months to 104.25 months. The circuit court denied West's 3.800(b) motion and did not resentence him pursuant to the corrected point total. Finding no error in the scoring of West's prior convictions, we affirm on that issue without further discussion. But we reverse and remand for further proceedings on his challenge to the points scored for sexual penetration.
Procedurally, West was permitted to complain about the inclusion of these points on his original scoresheet at his sentencing for a violation of probation. See Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998). He attached to his 3.800(b) motion a copy of his plea agreement, which did not mention sexual penetration points. The information filed against him charged lewd and lascivious activity based on "penetration and/or union" with the victim's vagina. In its response to West's motion, the State asserted that he did not object to the factual basis recited at his plea hearing. However, because our record contains no transcript of the plea hearing, we cannot discern whether the State's factual basis included penetration.
We reverse West's sentence and remand for further proceedings on the issue of whether the penetration points were properly scored.
SILBERMAN and COVINGTON, JJ., Concur.
NOTES
[1] § 800.04(3), Fla. Stat. (1995).