827 So.2d 1063 (2002)
Mark Anthony BARRON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1974.
District Court of Appeal of Florida, Second District.
October 11, 2002.
WHATLEY, Judge.
Mark Anthony Barron appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Barron raised two claims for relief, asserting that his sentences are illegal. We reverse and remand for consideration of one claim that the trial court failed to address in its order. On Barron's other claim, we affirm without prejudice to his right to file a facially sufficient 3.800(a) motion.
*1064 In 1992, Barron entered a guilty plea to burglary and grand theft. He received ten years in prison as a habitual felony offender for the burglary and a consecutive ten years of probation for the grand theft. In 2001, he was found in violation of his probation. The trial court sentenced him to nine years in prison as a habitual felony offender.
In his rule 3.850 motion, Barron claimed that the nine-year sentence imposed upon his violation of probation is illegal. He asserted that the trial court orally pronounced the nine years without announcing it was a habitual offender sentence. He asserted that his sentence had to be corrected to reflect a sentence not exceeding five years in prison. Barron's claim is facially sufficient and timely, and the trial court should have addressed it as a rule 3.850 sentencing error or, if necessary, treated the claim under rule 3.800(a). See Culver v. State, 790 So.2d 1126 (Fla. 2d DCA 2001); Brooks v. State, 768 So.2d 513 (Fla. 2d DCA 2000); Fla. R.Crim. P. 3.850(a)(4), (b). Accordingly, we reverse and remand for consideration of this claim by the trial court.
In his other rule 3.850 claim, Barron alleged his original habitual offender sentences were illegal, pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), because his crimes arose from one criminal offense. The trial court held this claim was timebarred. In Dixon v. State, 730 So.2d 265 (Fla.1999), the court held that the two-year window in which to challenge consecutive habitual offender Hale sentences expired in August 1997. Thus, we affirm the denial of Barron's 3.850 claim.
A Hale claim may be cognizable under rule 3.800(a). However, in order to state a facially sufficient claim under that rule, Barron must allege that his claim can be determined without resort to extra-record facts. See Johnson v. State, 807 So.2d 775 (Fla. 2d DCA 2002); Steelman v. State, 801 So.2d 960 (Fla. 2d DCA 2001). Therefore, we affirm without prejudice to any right Barron might have to file a facially sufficient claim under rule 3.800(a).
Affirmed in part, reversed in part, and remanded.
FULMER and DAVIS, JJ., Concur.