COPE, J.
Shamond Byrd appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Byrd was convicted of second degree murder with a firearm, aggravated battery with a firearm, and carrying a concealed firearm. He received a term of life imprisonment with a three- *503 year mandatory minimum sentence for the second degree murder conviction, fifteen years with a three-year mandatory minimum sentence for the aggravated battery, and five years for the concealed firearm conviction.
On direct appeal, defendant’s appointed counsel filed a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the defendant submitted a pro se brief. Among the issues raised in the pro se brief was the claim that the life sentence for the second degree murder conviction could not be imposed without departure reasons. This court affirmed the convictions and sentences without opinion. Byrd v. State, 788 So.2d 981 (Fla. 3d DCA 2001), review dismissed, 791 So.2d 1095 (Fla.2001), cert. denied, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 226 (2002).
Subsequently the defendant filed the instant motion to correct illegal sentence. In it, he again contends that the life sentence could not be imposed without departure reasons. As a threshold matter, it appears that this claim is procedurally barred because it was raised by the previous pro se brief and rejected. Raley v. State, 675 So.2d 170, 173 (Fla. 5th DCA 1996).
In an abundance of caution, we also address the merits of this claim. The defendant’s guidelines seoresheet provided a score of three hundred eighty-four state prison months. Under the applicable version of the guidelines, “If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.” § 921.0014(2), Fla. Stat. (1997).[1] Since the points score 384, the court was authorized to impose the life sentence and did so.
The defendant argues that if the trial court wishes to use the authority to impose the life sentence in these circumstances, this amounts to a departure sentence and the trial court must announce departure reasons. The Fourth District Court of Appeal has so held. Franco v. State, 111 So.2d 1138, 1141 (Fla. 4th DCA 2001).
By this court’s affirmance of the direct appeal (wherein the defendant had submitted a pro se brief raising this exact issue), we have necessarily rejected that argument. If the sentence points are 363 or more, the court may sentence the offender to life imprisonment without departure reasons. Willis v. State, 785 So.2d 648 (Fla. 2d DCA 2001); Cash v. State, 779 So.2d 425 (Fla. 2d DCA 2000); Stoltzfus v. State, 735 So.2d 549 (Fla. 5th DCA 1999); Kalapp v. State, 729 So.2d 987 (Fla. 5th DCA 1999).
Affirmed.[2]

. The crime date was April 12, 1998.

. As a procedural matter, the defendant’s claim is not cognizable on a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). That is so because the absence of departure reasons does not render a sentence illegal. Davis v. State, 661 So.2d 1193 (Fla.1995), receded from in part on other grounds, Mack v. State, 823 So.2d 746, 748 (Fla.2002); Yero v. State, 781 So.2d 506 (Fla. 3d DCA 2001). Since the instant Rule 3.800(a) motion was filed within two years of the affirmance of the defendant’s conviction, it can be treated as a timely Rule 3.850 motion.