COVINGTON, Judge.
Gary Suit challenges the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied the motion, finding that it was untimely filed. We agree with the trial court that Suit’s motion was untimely. However, Suit also raised a sentencing error that the trial court should have addressed as a motion to correct illegal sentence under rule 3.800(a).
Suit’s sentencing documents indicate that he was convicted of armed burglary, a first-degree felony. See § 810.02(2), Fla. Stat. (1991). For this conviction, he received a thirty-year sentence as a habitual felony offender. Suit alleges that the jury specifically found that he was unarmed *335 when he committed the burglary. He also alleges that the trial court orally sentenced him on second-degree burglary of a dwelling, not on first-degree armed burglary. If Suit’s allegations are correct, his thirty-year sentence is illegal. See § § 810.02(3) and 775.084, Fla. Stat. (1991).
The trial court should have considered this claim under rule 3.800(a). See Barron v. State, 827 So.2d 1063, 1064 (Fla. 2d DCA 2002). This claim is timely since rule 3.800(a) has no time limitation for filing a motion to correct illegal sentence. Therefore, we reverse and remand for the trial court to consider this claim. We affirm the denial of Suit’s remaining claims.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., concur.