920 So.2d 735 (2006)
Gregory CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2591.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
*736 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
In this sexual battery case, we are asked to review the legality of Appellant's concurrent sentences of 26 years, followed by ten years probation, on each of the two sexual battery counts.
The first sentencing issue relates to the propriety of scoring victim injury points for penetration (rather than sexual contact) on count two, which was based on the allegation that Appellant committed sexual battery "by placing his penis in union with" the vagina of the victim. The State concedes that penetration points are not appropriate under the facts as alleged in the information. In reliance on West v. State, 823 So.2d 174 (Fla. 2d DCA 2002), it urges, however, that because the plea transcript is not part of the record, we should remand this cause to the trial court to determine if there is a basis in fact to support the assessment of penetration points. We disagree and think West is distinguishable.
In West, the information alleged that the unlawful act had been committed by "penetration and/or union" with the victim's vagina. Here, unlike West, only one theory is alleged  "union with," and penetration points may not be assessed even if penetration did in fact occur. Whalen v. State, 895 So.2d 1222 (Fla. 2d DCA 2005). On remand, therefore, the court shall correct the scoresheet on count two to reflect 40 points for sexual contact, instead of 80 points for penetration.
The second issue  whether the court improperly imposed sentences in excess of the statutory maximum on the sexual battery counts  also requires reversal as the State properly concedes. Under the plain language of the statutory scheme at issue here, the trial judge could impose the statutory maximum of 30 years, or a life sentence, but not a term sentence in excess of 30 years. Willis v. State, 785 So.2d 648 (Fla. 2d DCA 2001).
Accordingly, Appellant's sentences on counts one and two are reversed, and this cause is remanded for correction of the scoresheet and resentencing. Id.
REVERSED AND REMANDED.
PLEUS, C.J., and MONACO, J., concur.