LaROSE, Judge.
Jeffrey Pratte appeals his convictions and sentences for one count of attempted robbery with a deadly weapon, fourteen counts of robbery with a weapon, and twenty counts of false imprisonment. He argues that the trial court erred in refusing to provide a jury instruction for involuntary intoxication caused by prescription drugs. See Cirack v. State, 201 So.2d 706 (Fla.1967), superseded, by statute on other grounds as stated, in Linn v. Fossum, 946 So.2d 1032, 2006 WL 3093186 (Fla. Nov. 2, 2006). Additionally, Mr. Pratte contends that the trial court erred in sentencing him to life imprisonment without an express jury finding that he carried a weapon during the robberies. We affirm the convictions and sentences but write to clarify the basis for sentencing Mr. Pratte to life imprisonment.
Normally, robbery with a weapon is a first-degree felony punishable by a prison sentence of up to thirty years. See § 812.13(2)(b), Fla. Stat. (2001); § 775.082(3)(b), Fla. Stat. (2001). However, if the defendant’s total sentencing scoresheet points equal or exceed 363, the trial court may impose a life sentence. § 921.0014(2), Fla. Stat. (2001); Willis v. State, 785 So.2d 648, 648 (Fla. 2d DCA 2001). Mr. Pratte’s scoresheet totaled 943 points. Consequently, the trial court did not abuse its discretion in imposing a life sentence.
Mr. Pratte argues that the trial court improperly scored his robbery convictions as first-degree felonies, because there was no specific jury finding that he carried a weapon during the robberies. According to Mr. Pratte, the trial court should have scored each robbery conviction as a sec *1186 ond-degree felony. Doing so would have lowered his scoresheet total below the 363-point statutory minimum for a life sentence under section 921.0014(2).
To support a finding that Mr. Pratte carried a weapon, the jury had to find Mr. Pratte guilty of a crime that involved the use of a weapon or answer a question on a special verdict form indicating that he carried a weapon during the robberies. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). The trial court instructed the jury to convict Mr. Pratte of robbery with a weapon only if they concluded that he carried a weapon during the robberies. The verdict reflects that the jury found Mr. Pratte guilty of robbery with a weapon. The jury’s answer on the verdict forms constituted a specific jury finding that Mr. Pratte carried a weapon during the robberies.
Based on the jury’s verdict, the trial court correctly scored each robbery conviction as a first-degree felony. Mr. Pratte’s scoresheet correctly reflects robbery with a weapon as a level 8 offense, and the trial court correctly assessed additional sentencing points for each robbery conviction. See § 921.0012(3)(h), Fla. Stat. (2001). Mr. Pratte’s scoresheet total correctly reflected 943 points, and the trial court acted within its discretion to impose a life sentence.
Affirmed.
SILBERMAN and WALLACE, JJ., Concur.