970 So.2d 902 (2007)
Daniel CLIATT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-813.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Cliatt was adjudicated guilty of five first degree felonies, seven second degree felonies, and one third degree felony. The felonies occurred between October 1, 2004 and April 23, 2005. His Criminal Punishment Code scoresheet of 880.1 total sentence points created a lowest permissible prison sentence of 53.25 years. Pursuant to section 921.0024(2), Florida Statutes (2004), the trial court was authorized to sentence Cliatt to life imprisonment:
The lowest permissible sentence is the minimum sentence that may be imposed by the trial court absent a valid reason for departure. . . . If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment. . . .
Instead, the trial court sentenced Cliatt to a composite sentence of seventy years imprisonment followed by life probation. This composite sentence was achieved by Cliatt being sentenced to thirty years on each of the first degree felonies and either ten or fifteen years on the second degree felonies with some of the sentences running consecutive and some of the sentences running concurrent. Except as to the third degree felony, life probation was imposed on each count.
Because the trial court did not exercise its discretion to impose life imprisonment, it could not impose a sentence in which the total of the incarcerative term and the probationary term exceeded the maximum sentence for a particular offense. Carter v. State, 920 So.2d 735 (Fla. 5th DCA 2006).
On remand, the trial court may restructure its sentence to try to achieve its original sentencing goal; provided, that absent an intervening event which would justify a greater sentence, the new sentence shall *903 not be a more severe sentence than the sentence originally imposed. Blackshear v. State, 531 So.2d 956 (Fla.1988).
REVERSED and REMANDED for Resentencing.
PLEUS, MONACO and EVANDER, JJ., concur.