PER CURIAM.
Andres Rigueiro was convicted of four counts of sexual battery (great force not used) and sentenced to forty years in prison on each count, to run currently and be followed by five years of sex offender probation. We affirmed the judgment on appeal. Rigueiro v. State, 919 So.2d 688 (Fla. 4th DCA 2006).
In a revised motion for post-conviction relief, Rigueiro raised nine separate claims. We affirm the trial court’s summary denial of all of them, except for his claims relating to the legality of his sentences, as discussed below. In particular, Rigueiro has demonstrated that his Criminal Punishment Code (CPC) scoresheet totaled 506 points and provided that his lowest permissible prison sentence was calculated to be 358.5 months in prison, or 29.875 years. The trial court sentenced Rigueiro to forty years in prison on each of the counts, to run concurrently, followed by five years of sex offender probation.
Section 921.0024(2), Florida Statutes (2001), provides in part:
If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed. If the total sentence points are greater than or equal to 368, the court may sentence the offender to life imprisonment. An offender sentenced to life imprisonment under this section is not eligible for any form of discretionary early release, except executive clemency or conditional medical release under s. 947.149.
Here, the lowest permissible sentence did exceed the statutory maximum of fifteen years for each of the second degree felonies in this case. As well, the total sentencing points were greater than 363. This left the sentencing court with the option of life sentences or sentences of 358.5 months (29.875 years) in prison, the lowest permissible CPC sentence.
However, the trial court actually sentenced Rigueiro to forty-year concurrent prison terms, followed by five years of sex offender probation. This was an illegal sentence, as the State has conceded in its response filed in this court. See Cliatt v. State, 970 So.2d 902 (Fla. 5th DCA 2007). We recognize, as the court did in Cliatt, that on remand the court may restructure its sentence to accomplish its intended goals at the original sentencing, so long as the new sentence is not deemed to be more *855 severe than the one originally imposed, absent some intervening event. Id. at 902-03 (citing Blackshear v. State, 531 So.2d 956 (Fla.1988)).
In light of the above, we need not separately address the claim of ineffective assistance of counsel for failure to object to sentencing as illegal on the same grounds as discussed here.

Affirmed in part, Reversed in part, and Remanded.

DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.