# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-672
Lower Tribunal No. 98-12208C
_____

**Shamond Byrd,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction— Mandamus.

Shamond Byrd, in proper person.

Ashley Moody, Attorney General, and Michael W. Mervine, Assistant Attorney General, for respondent.

Before EMAS, C.J., and SCALES and LINDSEY, JJ.

PER CURIAM.

Petitioner Shamond Byrd petitions this Court to issue a writ of mandamus to compel the Miami-Dade County Circuit Court to rule on his February 22, 2019 "Motion to Clarify and Request for Administrative Order." For the reasons described below, we deny the petition and issue an order to show cause.

In February 2000, in lower tribunal case number F98-12208C, a jury convicted Byrd of: (i) second degree murder with a firearm (with a sentence of life in prison); (ii) aggravated battery with a firearm (with a sentence of fifteen years in prison); and (iii) carrying a concealed firearm (with a sentence of five years in prison). The sentences were to run concurrently. This Court affirmed the judgment in Byrd v. State, 788 So. 2d 981 (Fla. 3d DCA 2001) (table).

Byrd filed numerous motions and petitions for post-conviction relief, none of which were successful in altering his sentence.[1] In December of 2011, Byrd filed a Florida Rule of Criminal Procedure 3.800 motion in the circuit court. On April 13, 2012, after a March 7, 2012 order to show cause, the trial court entered an order prohibiting Byrd from filing further *pro se* pleadings, motions or petitions in the circuit court related to case number F98-12208C.

---

[1] Byrd v. State, 167 So. 3d 480 (Fla. 3d DCA 2015); Byrd v. State, 95 So. 3d 235 (Fla. 3d DCA 2012) (table); Byrd v. State, 73 So. 3d 772 (Fla. 3d DCA 2011) (table); Byrd v. State, 75 So. 3d 284 (Fla. 3d DCA 2011) (dismissing petition as moot); Byrd v. State, 63 So. 3d 771 (Fla. 3d DCA 2011) (table); Byrd v. State, 49 So. 3d 251 (Fla. 3d DCA 2010) (table); Byrd v. State, 46 So. 3d 1008 (Fla. 3d DCA 2010) (table); Byrd v. State, 22 So. 3d 86 (Fla. 3d DCA 2009) (table); Byrd v. State, 910 So. 2d 272 (Fla. 3d DCA 2005); Byrd v. State, 841 So. 2d 502 (Fla. 3d DCA 2003); Byrd v. State, 790 So. 2d 424 (Fla. 3d DCA 2001) (table).

In February 2015, Byrd petitioned this Court to accept a belated appeal of the trial court's sanction order of April 13, 2012. This Court granted the belated appeal and, on April 7, 2015, Byrd filed a notice of appeal in this Court (case number 3D15-803). In his initial brief, Byrd: (i) maintained that his motion prompting the circuit court's sanction order was not frivolous and he did not deserve sanction; and (ii) reiterated his argument from his initial rule 3.800 motion that the trial court's upward departure in determining his sentences was illegal. This Court addressed Byrd's substantive argument in an affirmance in Byrd v. State, 167 So. 3d 480 (Fla. 3d DCA 2015).[2]

Byrd then filed his February 22, 2019 motion in the circuit court, which is the subject of his mandamus petition in this case. It appears from the record that the trial court has not addressed – and perhaps will not address – Byrd's motion in light of its April 13, 2012 sanction order prohibiting this type of *pro se* filing.

Given the clear-cut circumstances of this case, Byrd is not entitled to mandamus relief. Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000) (holding that a petitioner for a writ of mandamus "has no right to continue to file procedurally barred . . . petitions" and, therefore, "is not entitled to mandamus relief as a means to override the lower courts' sanction orders"). We deny Byrd's petition.

---

[2] This opinion did not specifically address the circuit court's sanction order beyond affirming the order, which perhaps inspired Byrd to file the petition in the instant case.

3

ORDER TO SHOW CAUSE

Byrd is hereby directed to show cause, within forty-five days of the date of this opinion, as to why he should not be prohibited from filing further *pro se* appeals, petitions, motions or other pleadings related to his convictions in case number F98-12208C.

If Byrd does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any further and unauthorized filings by Byrd will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2018).

Petition denied; order to show cause issued.