DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN MATTHEWS BAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D20-2112, 4D20-2239, and 4D20-2240

[September 14, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case Nos. 432019CF000643A, 432019CF000833A, and 432019CF000834A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

On appeal, appellant argues that the trial court erred in imposing a sentence that was illegal under section 921.0024(2), Florida Statutes (2020). Based on the State's concession in its brief, we agree and remand for resentencing. *See Rigueiro v. State*, 132 So. 3d 853, 854 (Fla. 4th DCA 2013).

Appellant entered an open plea to one count of lewd and lascivious battery, twenty-two counts of possession of child pornography, and two counts of child pornography. Appellant's Criminal Punishment Code scoresheet totaled 406.8 points and provided that his lowest possible prison sentence ("LPS") was calculated to 339.6 months in prison, or 28.3 years. The trial court sentenced appellant to 480 months on all counts to run concurrently. After appellant filed a 3.800 motion, the trial court resentenced appellant to 480 months only on the possession charges, leaving the sentence imposed on the other counts in place.

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021) (quoting *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016)).

Section 921.0024(2) provides in part:

> The permissible range for sentencing shall be the [LPS] up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. . . . If the [LPS] under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment.

§ 921.0024(2), Fla. Stat. (2020).

The Florida Supreme Court has stated that "if the LPS exceeds the statutory maximum penalty in section 775.082, the LPS is both the minimum sentence and the maximum penalty for that offense." *State v. Gabriel*, 314 So. 3d 1243, 1248-49 (Fla. 2021).

Our decision in *Rigueiro* is on point. Like in *Rigueiro*, the LPS here did exceed the statutory maximum on all counts. *See id.* Because the total sentencing points were greater than 363, the sentencing court only had two options: life sentences or sentences of 28.3 years in prison. *See id.* However, the trial court instead imposed a concurrent sentence of 40 years on all counts. *See id.* At a hearing on appellant's 3.800 motion, the trial court again failed to impose the LPS. This resulted in an illegal sentence, as the State has conceded in its brief. *See id.*

On remand, the court must sentence appellant to the calculated LPS of 28.3 years on all counts to be served concurrently, because any other sentence, including a consecutive sentence, would be greater than appellant's original sentence. *See Rigueiro*, 132 So. 3d at 854; *see also Reguerio v. State*, 619 So. 2d 463, 465 (Fla. 4th DCA 1993) (noting that a defendant's sentence may not increase at resentencing "unless it is based on conduct occurring subsequent to the imposition of the first sentence"). The only exception is if appellant moves for a downward departure on remand. *See Jackson v. State*, 64 So. 3d 90, 91 (Fla. 2011) (holding that "on remand for resentencing a trial court is permitted to impose a downward departure when the trial court finds a valid basis for departure as prescribed under the [Criminal Punishment] Code").

2

Appellant also asks to remand for a de novo resentencing hearing before a different judge; however, this remedy is not appropriate here. *See Lacey v. State*, 312 So. 3d 97, 100 (Fla. 4th DCA 2021). The remedy of resentencing before a different judge is reserved to avoid any perception "that resentencing may not be conducted in a completely fair and impartial manner." *Id.* at 101 (quoting *Schwartzberg v. State*, 215 So. 3d 611, 616 (Fla. 4th DCA 2017)). The record on appeal does not reveal any bias on the part of the judge that would rise to the level of "judicial vindictiveness." *See id.* at 102, 104 (Artau, J., concurring in part and dissenting in part) ("[N]othing in this record could reasonably cause us to presume the same judge would be unable to resentence [appellant] fairly"). Further, the instructions on remand will cure any potential bias or perception of impartiality that would necessitate remanding to a different judge. *See id.*

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., GROSS and DAMOORGIAN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3