DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER STONEBRAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0449

[January 7, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case No. 19-013735-CF10A.

Robert David Malove and Hani Demetrious of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences for two counts of sexual battery on a person less than twelve years old and three counts of lewd and lascivious molestation on a person less than twelve years old. On the defendant's arguments challenging his convictions, we affirm without further discussion. On the defendant's argument that the circuit court erred in denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion contending that his concurrent thirty-year sentences followed by lifetime probation on the three lewd and lascivious molestation counts exceeded the statutory maximum, the state concedes error.

Applying de novo review, we agree with the state's concession, and reverse for resentencing on those three counts only. *See Baker v. State*, 349 So. 3d 443, 444 (Fla. 4th DCA 2022) ("Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.") (citation omitted).

Although the three lewd and lascivious molestation counts are second-degree felonies punishable by up to fifteen years in prison, the defendant's

criminal punishment code scoresheet totaled 462 points and provided that the defendant's lowest permissible prison sentence ("LPS") was calculated to 325.5 months in prison, or 27.125 years. Accordingly, the circuit court had two sentencing options on each lewd and lascivious molestation count: a life sentence or a 325.5-month sentence. As section 921.0024(2), Florida Statutes (2019), provides:

> The permissible range for sentencing shall be the [LPS] up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. … *If the [LPS] under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.* If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment.

§ 921.0024(2), Fla. Stat. (2019) (emphasis added); *see also State v. Gabriel*, 314 So. 3d 1243, 1246, 1248–49 (Fla. 2021) ("[U]nder section 921.0024(2), the LPS is an individual minimum sentence where there are multiple convictions subject to sentencing on a single scoresheet," and "if the LPS exceeds the statutory maximum penalty in section 775.082, the LPS is both the minimum sentence and the maximum penalty for that offense.").

*Rigueiro v. State*, 132 So. 3d 853 (Fla. 4th DCA 2013), is instructive. There, the defendant was convicted of four sexual battery counts and sentenced to forty years in prison on each count followed by five years of sex offender probation. *Id.* at 854. The defendant's criminal punishment code scoresheet totaled 506 points and provided that his LPS was calculated to be 358.5 months in prison, or 29.875 years. *Id.* In reversing the defendant's sentence, we held:

> [T]he lowest permissible sentence did exceed the statutory maximum of fifteen years for each of the second degree felonies in this case. As well, the total sentencing points were greater than 363. This left the sentencing court with the option of life sentences or sentences of 358.5 months (29.875 years) in prison, the lowest permissible CPC sentence.

> However, the trial court actually sentenced [the defendant] to forty-year concurrent prison terms, followed by five years of sex offender probation. This was an illegal sentence, as the State has conceded in its response filed in this court.

*Id.*

Likewise, in *Baker*, we held that because the defendant's LPS of 28.3 years exceeded the statutory maximum on all counts, and the total sentencing points were greater than 363, the sentencing court could not impose concurrent forty-year terms on all counts. 349 So. 3d at 445. On remand, we instructed the sentencing court to "sentence [the defendant] to the calculated LPS of 28.3 years on all counts to be served concurrently, because any other sentence, including a consecutive sentence, would be greater than [the defendant's] original sentence." *Id.* (citing *Rigueiro*, 132 So. 3d at 854).

Here, the defendant's LPS of 325.5 months exceeded the fifteen-year statutory maximum sentence on the three lewd and lascivious molestation counts. *See* § 800.04(5)(c)1., Fla. Stat. (2019) (listing lewd and lascivious molestation on a victim less than twelve years of age by an offender less than eighteen years of age as a second-degree felony); § 775.082(3)(d), Fla. Stat. (2019) (setting the statutory maximum for a second-degree felony at 15 years). Accordingly, because the total sentencing points were greater than 363, the circuit court had two sentencing options on those three counts: a life sentence or a 325.5-month sentence. However, the circuit court instead imposed concurrent thirty-year sentences followed by lifetime probation on those three counts. This resulted in illegal sentences.

On remand, the circuit court must resentence the defendant to the calculated LPS of 325.5 months on each of the three lewd and lascivious molestation counts, "to be served concurrently, because any other sentence, including a consecutive sentence, would be greater than [the defendant's] original sentence." *Baker*, 349 So. 3d at 445. Moreover, because the circuit court did not exercise its discretion to impose life imprisonment, the circuit court cannot resentence the defendant to lifetime probation on those three counts. *See Cliatt v. State*, 970 So. 2d 902, 902 (Fla. 5th DCA 2007) ("Because the trial court did not exercise its discretion to impose life imprisonment, it could not impose a sentence in which the total of the incarcerative term and the probationary term exceeded the maximum sentence for a particular offense.").

*Affirmed in part, reversed in part, and remanded with directions.*

LEVINE and KLINGENSMITH, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**

3