570 So.2d 1034 (1990)
Luke INCLIMA, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2068.
District Court of Appeal of Florida, Fifth District.
November 21, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Pursuant to a plea bargain, defendant was sentenced to twelve years incarceration followed by eight years probation for each of five counts, including one count of sexual battery, a first degree felony, two counts of lewd assault and two counts of committing lewd acts in the presence of a child, all second degree felonies. The statutory maximum sentence for a second degree felony is fifteen years, § 775.082(3)(c), Fla. Stat. (1989). Therefore the combined penalty of twenty years for each of the four second degree felonies is illegal. See, e.g., Baldwin v. State, 558 So.2d 173 (Fla. 5th DCA 1990) (total penalty of probation and incarceration cannot exceed statutory maximum); Johnson v. State, 533 So.2d 927 (Fla. 5th DCA 1988) (sentence of three months incarceration followed by five years probation is illegal sentence since combined term exceeds statutory maximum sentence of five years for third degree felony); Stamper v. State, 528 So.2d 1323 (Fla. 5th DCA 1988) (sentence of seven years incarceration followed by ten years probation exceeds fifteen year statutory maximum for second degree felony).
The state's argument that the sentences for the second degree felonies are mere "surplusage" since they are to be served concurrently with the sentences for the first degree felony is flawed. General sentences have been prohibited in Florida since Dorfman v. State, 351 So.2d 954 (Fla. 1977), and under the state's reasoning, the penalty imposed in this case would constitute an improper general sentence. Cf. Johnston v. State, 564 So.2d 1237 (Fla. 5th DCA 1990) (sentence of life for one count of sexual battery and three counts of lewd assault impermissible general sentence).
The court also improperly imposed court costs of $225 without giving the defendant *1035 notice or an opportunity to object. See Harriel v. State, 520 So.2d 271 (Fla. 1988); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984). The state argues that the affidavit of insolvency signed by the defendant gave sufficient notice that costs would be imposed because it included a statement that at sentencing the court would determine the value of the appointed attorney's fees and costs and that defendant would have an opportunity to be heard. But see Bull v. State, 548 So.2d 1103 (Fla. 1989) (waiver of notice and opportunity to be heard contained in affidavit of insolvency insufficient).
Even assuming that the costs referred to in the affidavit of insolvency are not merely those imposed as part of the attorney's costs under section 27.56, Florida Statutes (1989), and that the notice is sufficient to advise the defendant that court costs may be imposed, the defendant in this case never received an opportunity to object, since costs were never mentioned at sentencing. Compare Bryant v. State, 546 So.2d 762 (Fla. 5th DCA 1989) (costs affirmed where defendant was notified that costs would be imposed during sentencing). Accordingly, the costs must be stricken, although upon remand after proper notice and an opportunity to be heard, the court may reimpose the costs.
The convictions are affirmed, as is the sentence for the first degree felony. The sentences for the four second degree felonies are reversed and remanded for sentencing within the statutory maximum.
AFFIRMED IN PART; REVERSED IN PART.
HARRIS and GRIFFIN, JJ., concur.