674 So.2d 802 (1996)
Ralph Anthony CRUZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3391.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Rehearing Denied June 26, 1996.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Wanda Raiford, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Ralph Anthony Cruz, was convicted of Lewd And Lascivious Assault and Indecent Exposure. In connection with his convictions for those two offenses, the trial court imposed a "general sentence" intended to cover both charges, by sentencing the defendant to serve 364 days in the County Jail, with credit for time served, followed by a period of one year's probation with special conditions. Thereafter, the defendant commenced this appeal wherein he challenged the legality of the sentence imposed as well as the basis for the convictions.
Pursuant to the State's proper concession, we reverse the general sentence imposed on the Lewd and Lascivious Assault and the Indecent Exposure charges, and remand to the trial court with directions to sentence the defendant separately on each of those two charges and, furthermore, to delete the probation portion of the sentence imposed on the defendant in connection with the Indecent Exposure charge, since the addition of probation to the jail sentence imposed for the Indecent Exposure charge exceeds the maximum penalty that can be imposed on the defendant for that offense. A person convicted of a first-degree misdemeanor "may be sentenced for a term of imprisonment not exceeding one year." § 775.082(4)(a), Fla.Stat. (1996). For a split sentence, "[t]he total sanction shall not exceed the term provided by general law or the guidelines recommended sentence...." Fla.R.Crim.P. 3.702(d)(19) *803 (1996); see Gonzalez v. State, 546 So.2d 786, 786 (Fla. 3d DCA 1989) ("A `split sentence' of probation and incarceration cannot exceed the maximum term of imprisonment for the offense charged."); State v. Holmes, 360 So.2d 380 (Fla.1978). Since the charge of Indecent Exposure is a first-degree misdemeanor, the defendant can only be sentenced to a total term of one year. Since his sentence included one year imprisonment plus probation thereafter, his total sentence for that offense exceeded this limit.
The nature and length of the sentence imposed for the Lewd and Lascivious Assault charge is permissible and, therefore, affirmed. In all other respects, the judgment of the trial court is affirmed.