765 So.2d 35 (2000)
George W. PARKS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. SC94286.
Supreme Court of Florida.
July 13, 2000.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Belle B. Schumann and Wesley Heidt, Assistant Attorneys General, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review Parks v. State, 719 So.2d 1212 (Fla. 5th DCA 1998), a decision of the Fifth District Court of Appeal citing as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
Parks raises three unpreserved sentencing errors that he contends constitute fundamental error: (1) the use of a general sentence in case numbers 94-86 and 95-486, which include more than one count in violation of Carter v. State, 689 So.2d 455 (Fla. 5th DCA 1997), Cruz v. State, 674 So.2d 802 (Fla. 3d DCA 1996), and Inclima v. State, 570 So.2d 1034 (Fla. 5th DCA 1990); (2) his sentences of twelve years' probation exceed the statutory maximum for third-degree felonies; and (3) when imposing a new sentence after revoking probation, the court failed to credit his probationary sentence with the time Parks had previously served on probation, resulting in a sentence exceeding the statutory maximum in violation of Waters v. State, 662 So.2d 332 (Fla.1995), and State v. Summers, 642 So.2d 742 (Fla.1994). As for the first error asserted by Parks, "[g]eneral sentences have been prohibited in Florida since Dorfman v. State, 351 So.2d 954 (Fla.1977)." Inclima, 570 So.2d at 1034. We find that this error is patent and serious because it has a qualitative effect on the sentencing process, and therefore should be corrected as fundamental *36 error during the window period.[1]See Maddox, 760 So.2d at 94. As for the second error asserted by Parks, we recently concluded in Maddox that a sentence that exceeds the maximum sentence allowed by statute constitutes a fundamental sentencing error that can be raised on direct appeal during the window period. 760 So.2d at 94. In this case, although the use of a general sentence in case numbers 94-86 and 95-486 makes it impossible to determine what sentence was received for each count, the sentences imposed exceeded the statutory maximum for the third-degree felony counts in each case. We therefore quash the decision below and remand for proceedings consistent with our opinion in Maddox.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Maddox, we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp. 1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. The appeal in this case falls within the window period discussed in Maddox.