*100
 
 CASANUEVA, Judge.
 

 James Horne appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the denial of claims one and two, in part. We affirm the postconviction court’s order in all other respects without further comment.
 

 Facts
 

 Mr. Horne entered an open plea of guilty to all counts in six different circuit court cases:
 

 03-04387 1. Possession of a controlled substance, § 893.13(6)(a), Fla. Stat. (2002)
 

 04-12645 1. Delivery of a controlled substance, § 893.13(l)(a), Fia. Stat. (2003)
 

 2. Possession of a controlled sub-sLance, § 893.13(6)(a), Fla. Stat. (2003)
 

 05-13573 1. Driving with license suspended or revoked, § 322.34(5), Fla. Stat. (2004)
 

 05-18021 1. Grand theft, third degree
 

 03-18904 1. Uttering a forged instrument
 

 2. Grand theft, third degree
 

 3. Forgery
 

 03-03751 1. Grand theft, third degree
 

 2. Acting in capacity of a contractor without a license
 

 The scoresheet set Mr. Horne’s minimum permissible sentence at 87.525 months’ incarceration. At sentencing, the trial court made the following oral pronouncement:
 

 THE COURT: All right.... I’ll adjudge you to be guilty in Cases 03-4387, Possession of Controlled Substance; and 04-12645, Delivery and Possession of Controlled Substance. I’ll depart slightly.
 
 [1]
 
 I’ll adjudge you to be guilty, sentence you to 77 months Florida State Prison on each of those counts, each to be served concurrently with the other. Each to be followed by 12 months community control. I’m sorry, strike that. Count 1 to be followed by 12 months of community control, followed by four years of probation. Everything is concurrently.
 

 In Cases 13573, I’ll adjudge you to be guilty and sentence you to 77 months Florida State Prison to be served concurrently with those sentences.
 

 In the remaining cases where restitution is due, I’ll adjudge you to be guilty in each of those counts — first of all, the misdemeanors, time served. On each of the felony counts, I’ll place you on 60 months probation. Each probationary sentence to be served concurrently with the others and to be served concurrently with the community control and probation, which is imposed consecutively to Count 1 of 12645.
 

 [[Image here]]
 

 THE COURT: Okay. Supervisions are all to be intended to be drug-offender supervision.
 

 [[Image here]]
 

 THE COURT: The conditions of the supervision, as I said, it will be drug-offender supervision.
 

 (Emphasis added.)
 

 Claim I
 

 Mr. Horne claimed that his sentence on count one of case number 03-04387 for possession of a controlled substance is illegal because it exceeds the maximum allowed by law. The trial court imposed seventy-seven months’ incarceration to be followed by twelve months’ com
 
 *101
 
 munity control to be followed by four years’ drug offender probation on this count, a third-degree felony. In denying the claim, the postconviction court made the following findings:
 

 Pursuant to § 921.0024(2) [Florida Statutes (2005) ], where the lowest permissible sentence under the code exceeds the statutory maximum as defined in § 775.082, [Florida Statutes (2005),] the sentence required by the code must be imposed. Thus, because the lowest permissible prison sentence in Defendant’s case (87.525 months) exceeds the statutory maximum, the Court must impose the sentence as required by the code, not by the statute. Ground one is denied.
 

 The postconviction court accurately stated the requirements of section 921.0024(2), Florida Statutes (2005), but misapplied them in this case. When the minimum permissible sentence under the Code exceeds the statutory maximum, the trial court must impose the sentence required by the Code.
 
 Id.
 
 The sentence required by the Code is the minimum permissible sentence and no more.
 
 Id.
 
 On this count, the trial court imposed 137 months’ total incarceration and supervision, when the statutory maximum is sixty months’ incarceration and the Code provides for a term of 87.525 months. Because the sentence imposed exceeds the 87.525-month permissible sentence under the Code by more than forty-nine months, the postconviction court erred in denying this claim.
 

 Claim, II
 

 Mr. Horne claimed the imposition of drug offender probation on his convictions for delivery of a controlled substance in case number 04-12645, grand theft in case number 05-18021, uttering a forged instrument in case number 03-18904, and acting in the capacity of a contractor without a license
 
 [2]
 
 in case number 03-03751, created illegal sentences because these offenses are not enumerated in the drug offender probation statute.
 
 See
 
 § 948.20, Fla. Stat. (2005).
 

 In denying the claim, the postconviction court relied upon section 948.034, finding that this section allows imposition of “drug offender probation” for violations of section 893.13(l)(a)(l), Florida Statutes (2005). The postconviction court further addressed the sentencing court’s oral pronouncement:
 

 The court notes the oral pronouncement of the court at sentencing was “[sjuper-visions are all intended to be drug offender probation.” However, the court did not intend for drug offender proba-' tion to be imposed where it was illegal to do so; i.e.: in the cases where the offenses are not drug related. It was not illegal to impose drug offender probation in case number 03-4387 count 1 (possession of a controlled substance), and in case number 04-12645 as to count 1 (delivery of a controlled substance).
 

 (Footnote, citations, and emphasis omitted.) In a footnote, the postconviction court noted that the order of community supervision should be amended to reflect non-drug offender probation in case numbers 03-03751, 03-18904, and 05-18021, to match the written sentences.
 

 Section 948.034 does contain some discretionary terms of probation for offenders convicted of certain drug offenses. However, the section is titled “Terms and conditions of probation; community residential drug punishment centers,” and the term “drug offender” does not appear anywhere within its text. On the other hand, section 948.20 is plainly titled “Drug offender probation.” Consequently, we hold that the legal consequence of the trial
 
 *102
 
 judge’s pronouncement of “drug offender supervision” was imposition of those terms of probation as set forth in section 948.20, not section 948.034.
 

 Of all of Mr. Horne’s convictions, only his two convictions for possession of a controlled substance are eligible for drug offender probation under section 948.20.
 
 See id.
 
 (stating that drug offender probation applies only to violations of section 893.13(2)(a) or (6)(a)). Consequently, the trial court erred in imposing drug offender probation on the convictions for delivery of a controlled substance, grand theft, uttering a forged instrument, and acting in the capacity of a contractor without a license. Further, we note that the sentence imposed for delivery of a controlled substance in case number 04-12645 — seventy-seven months’ incarceration followed by twelve months’ community control followed by four years’ drug offender probation — is also illegal for the same reasons addressed in claim one. It exceeds both the statutory maximum and the minimum permissible sentence set forth by the Code. Thus, the postconviction court erred in denying this claim as well.
 

 Accordingly, we reverse the denial of claims one and two, in part. Because of the numerous intertwined sentencing errors, at least two of which require a hearing to correct, we vacate all sentences in case numbers 03-04387, 04-12645, 05-13573, 05-18021, 03-18904, and 03-03751. On remand, the trial court shall conduct a full hearing with Mr. Horne present and re-sentence him on all counts in all six cases. The new sentences shall comply with the dictates of this opinion.
 

 WALLACE and KHOUZAM, JJ., Concur.
 

 [1]
 

 . The State did not challenge the trial court's imposition of what it thought to be a downward departure sentence, despite the absence of a factual basis or written findings. As discussed later in this opinion, the sentences were not downward departures; in fact, they were illegal sentences because they exceeded the maximum allowable by law.
 

 [2]
 

 . Mr. Home referred to this count as "forgery” in his motion.