WALLACE, Judge.
 

 James Vincent Horne appeals from the new sentences imposed on him in Hillsbor-ough County Circuit Court Case numbers 03-3751, 03^387, 03-18904, 04-12645, OS-13573, and 05-18021, following remand. In Mr. Horne’s prior appeal from the circuit court’s order denying his motion to correct illegal sentence, we vacated Mr. Horne’s sentences and directed the circuit court to resentence him on all counts in all six cases.
 
 Horne v. State,
 
 6 So.3d 99, 102 (Fla. 2d DCA 2009). In this appeal, Mr. Horne argues — among other things — that the circuit court again imposed illegal sentences contrary to this court’s mandate. We find Mr. Horne’s arguments to be without merit. In some instances, Mr. Horne’s arguments are also unpreserved. We write to address his claim that on count one of case number 04-12645 the circuit court should not have imposed any sentence greater than 87.525 months.
 

 In case number 04-12645, Mr. Horne was charged as follows: count one, delivery of a controlled substance (methamphetamine) in violation of section 893.13(l)(a), Florida Statutes (2003), and count two, possession of a controlled substance (methamphetamine) in violation of section 893.13(6)(a). Methamphetamine is
 
 *41
 
 a controlled substance named or described in section 893.03(2)(c)(4), and delivery of methamphetamine is a second-degree felony under section 893.13(l)(a)(l).
 

 Mr. Horne’s scoresheet established his minimum permissible sentence under the Criminal Punishment Code
 
 [1]
 
 as 87.525 months’ incarceration.
 
 Horne,
 
 6 So.3d at 100. The circuit court originally sentenced Mr. Horne in case number 04-12645 to seventy-seven months’ incarceration, followed by twelve months’ community control, followed by four years’ drug offender probation on count one and to seventy-seven months’ incarceration on count two. Thus the total sentence on count one was 137 months, or 11.417 years. The sentences on counts one and two were designated to run concurrently.
 

 In his motion to correct illegal sentence, Mr. Horne claimed — among other things— that the imposition of drug offender probation on his conviction for delivery of a controlled substance in ease number 04-12645 created an illegal sentence because this offense was not enumerated in the drug offender probation statute.
 
 Id.
 
 at 101. We agreed that the imposition of drug offender probation on the conviction for delivery of a controlled substance created an illegal sentence.
 
 Id.
 
 at 102. Thus we held that the postconviction court erred in denying Mr. Horne’s claim on this ground.
 
 Id.
 

 On remand, the circuit court imposed seventy-seven months’ incarceration, followed by twelve months’ community control, followed by four years’ standard probation on count one, and it reimposed seventy-seven months’ incarceration on count two. In accordance with our mandate, the circuit court substituted standard probation for drug offender probation. Once again, the sentences on counts one and two were designated to run concurrently.
 

 Mr. Horne argues that the circuit court should not have imposed any sentence on count one greater than 87.525 months, the lowest permissible sentence under the Code, because the lowest permissible sentence under the Code exceeded the statutory maximum sentence of five years. In support of his argument, Mr. Horne relies on some statements in this court’s prior opinion:
 

 Further, we note that the sentence imposed for delivery of a controlled substance in case number 04-12645 — seventy-seven months’ incarceration followed by twelve months’ community control followed by four years’ drug offender probation — is also illegal for the same reasons addressed in claim one. It exceeds both the statutory maximum and the minimum permissible sentence set forth by the Code.
 

 Id.
 
 at 102.
 

 We disagree with Mr. Horne’s argument that the new sentence on count one of case number 04-12645 exceeds both the statutory maximum sentence and the minimum permissible sentence under the Code. As previously noted, Mr. Horne’s minimum permissible sentence under the Code was 87.525 months’ imprisonment. Although our prior opinion might be read to suggest otherwise, the statutory maximum sentence for delivery of methamphetamine is fifteen years’ imprisonment.
 
 [2]
 
 §§ 775.082(3)(c), 893.03(2)(c)(4), 893.13(l)(a)(l), Fla. Stat. (2003). Mr. Horne’s sentence of seventy-seven months’ imprisonment, followed by twelve months’
 
 *42
 
 community control, followed by four years’ standard probation amounts to a total sentence of 137 months or 11.417 years. Thus his new sentence on count one of case number 04-12645 does not exceed the statutory maximum of fifteen years’ imprisonment.
 

 The implication in our prior opinion that a sentence of 137 months would exceed the statutory maximum- for the crime for which Mr. Horne was convicted in count one of case number 04-12645 was obviously in error. This statement was dicta and does not fall within the law of the case doctrine.
 
 See Fla. Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 105-07 (Fla.2001);
 
 U.S. Concrete Pipe Co. v. Bould,
 
 437 So.2d 1061, 1063 (Fla.1983);
 
 Myers v. Atl. Coast Line R.R.,
 
 112 So.2d 263, 267 n. 6 (Fla.1959).
 

 For the foregoing reasons, we affirm the new sentences imposed on Mr. Horne in all respects.
 

 Affirmed.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . The Criminal Punishment Code applies "to all felony offenses, except capital felonies, committed on or after October 1, 1998.” § 921.002, Fla. Stat. (2003).
 

 [2]
 

 . The crime defined in section 893.13(l)(a) may constitute a second-degree felony, a third-degree felony, or a first-degree misdemeanor depending on the nature of the controlled substance involved. Our prior opinion
 
 *42
 
 did not state the nature of the controlled substance that Mr. Horne was charged with delivering.