PER CURIAM.
The defendant appeals an order denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. He was convicted of six counts of lewd battery, two counts of lewd molestation, and various other offenses. The trial court imposed sixty (60) year concurrent terms. The defendant timely filed a rule 3.850 motion. The trial court summarily denied one of the defendant’s claims, and held an evidentiary hearing to address others. We affirm on all but one point.
We accept the state’s concession that the case must be remanded for resentencing since the defendant’s sixty (60) year terms *118 exceed both the statutory maximum for the second and third felonies for which he was convicted and the lowest Criminal Punishment Code sentence. § 921.0024(2), Fla. Stat. (2004). The defendant’s first degree misdemeanor conviction was not subject to the Code. § 921.002, Fla. Stat. (2004).
We affirm the remainder of the trial court’s order, which considered the defendant’s claims of ineffective assistance of trial counsel. We note one claim was that counsel failed to correctly advise him of the maximum penalty he faced before he rejected two plea offers. Though the judge’s order predated Alcorn v. State, 121 So.3d 419 (Fla.2013), his reasoning and findings addressed the prejudice analysis as articulated by the supreme court. See generally Tyrell v. State, 107 So.3d 536 (Fla. 4th DCA 2013).

Affirmed in part, and reversed and remanded for further proceedings consistent with this opinion.

WARNER, MAY and KLINGENSMITH, JJ., concur.