KELLY, Judge.
Curtis Perkins appeals the order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State appropriately concedes error. We reverse and remand for resentencing.
Perkins entered guilty pleas to the third-degree felonies of petit theft (two counts), possession of cocaine, and failure to appear in exchange for concurrent sentences of 80.3 months’ imprisonment and the State’s agreement to drop another failure to appear charge. After his unsuccessful attempt to argue that his trial counsel was ineffective for failing to ensure that his scoresheet was correctly calculated, Perkins filed a motion to correct illegal sentence. Referring to attachments to his motion, he argued that his scoresheet erroneously scored a burglary for which he had been acquitted. Perkins asserted that without the scoring of that burglary, his lowest permissible sentence would have been 69.8 months rather than 80.3 months. He requested resentencing with a corrected scoresheet.
The postconviction court ordered the State to respond, and the State conceded, as it does in this court, that Perkins should be resentenced to 69.8 months’ imprisonment. Indeed, as the State correctly notes, when the lowest permissible sentence under the criminal punishment code exceeds the statutory maximum, the former becomes the maximum sentence a court can impose. See Butler v. State, 838 So.2d 554, 556 (Fla.2003). “Trial courts are not permitted to impose illegal sentences, even pursuant to a negotiated plea agreement.” Costin v. State, 46 So.3d 96, 97 (Fla. 1st DCA 2010). Because Perkins’ scoresheet was incorrectly scored and he was not sentenced to the lowest permissible sentence, his sentence is illegal.
Accordingly, we reverse the order denying Perkins’ motion to correct illegal sentence and remand with directions for the postconviction court to resentence Perkins to 69.8 months’ imprisonment under a corrected scoresheet as agreed to by the State.
NORTHCUTT and SLEET, JJ., Concur.