PER CURIAM.
Henry Robinson appeals the denial of the five claims he raised in his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Claim four asserts that a prior offense was incorrectly scored on his scoresheet and that correction of the error would result in a lower permissible sentence calculation on the scoresheet. A lower permissible sentence calculation would impact him because his plea agreement was premised on him receiving the lowest permissible sentence calculated on the scoresheet. Robinson states that this error renders his sentence illegal and that had he known of the error and that the lowest permissible sentence was improperly calculated on the score-sheet, he would not have entered his plea.
The terms of the plea agreement called for Robinson to enter a no-contest plea to three third-degree felonies, one of which was a lesser-included offense of the crime charged, and receive a sentence equal to the lowest permissible sentence calculated on the scoresheet — a sentence of 69.825 months. Although this sentence exceeded the statutory maximum, such a sentence is proper. See § 921.0024(2), Fla. Stat. (2011) (“If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed”). In these instances, the lowest permissible sentence becomes the maximum sentence a court may impose. As the court in Perkins v. State, 123 So.3d 678, 678 (Fla. 2d DCA 2013), explained:
[WJhen the lowest permissible sentence under the criminal punishment code exceeds the' statutory maximum, the former becomes the maximum sentence a court can impose. See Butler v. State, 838 So.2d 554, 556 (Fla.2003). “Trial courts are not permitted to impose illegal sentences, even pursuant to a negotiated plea agreement.” Costin v. State, 46 So.3d 96, 97 (Fla. 1st DCA 2010). Because Perkins’ scoresheet was incorrectly scored and he was not sentenced to the lowest permissible sentence, his sentence is illegal.
After sentencing, Robinson discovered what he believes to be an error in the calculation of the scoresheet total: he claims that the scoresheet erroneously scored his prior offense of driving with a suspended license as a felony when it should have been scored as a misdemean- or. If he is correct, rectification of the error would reduce the lowest permissible sentence calculation on the scoresheet (the lowest permissible sentence would still exceed the statutory maximum).
The State failed to respond to this specific allegation, and the trial court denied the claim. From the record before us, we have no way of knowing whether the scoresheet was properly calculated. Therefore, we reverse that part of the order denying claim four and remand for the trial court to attach pertinent portions of the record that refute Robinson’s claim. If Robinson is correct, then the State should be permitted the option of accepting the reduced sentence or withdrawing the plea agreement. Wheeler v. State, 864 So.2d 492, 493 (Fla. 5th DCA 2004). With the exception of this argument made in claim number four, the order under review is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, ORFINGER, and EVANDER, JJ., concur.