CORRECTED OPINION
PER CURIAM.
Appellant challenges the trial court’s denial of his motion for postconviction relief in which he claimed that his plea was involuntary because the Department of Corrections (“DOC”) determined a release date without considering the nearly two years appellant spent in county jail for one of his crimes, thereby increasing his incarceration by that amount. Because this was a direct consequence of his plea, we conclude that the motion was legally sufficient and reverse for an evidentiary hearing.
• Colon was charged with several crimes in four separate'cases, the most serious of which was first degree murder. He elected to resolve his cases with a plea, and the State agreed to reduce the murder charge to second degree murder. His criminal punishment scoresheet reflected a lowest permissible sentence of 304.58 months, or 25.4 years. Pursuant to the negotiated plea, the trial court would sentence appellant on all counts to this amount of prison time. For each of the four cases, the offenses, statutory máximums, agreed sentences, and jail credits are as follows:
Case 10-7485 Possession of a Schedule II Controlled Substance; § 893.13(6)(A); Third Degree Felony; 5 year max. Sentence: 304.58 months Jail Credit: 4 days
Case 11-1374 Felony Driving with a Suspended License; § 322.34(2)(c); Third Degree Felony; 5 year max. Sentence: 304.58 months Jail Credit: 1 day
Case 11-4851 Second Degree Murder with a Firearm; §§ 782.04(2), 775.087; Life Felony Attempted Second Degree Murder with a Firearm; §§ 782.04(2), 777.04(1), 775.087; First Degree Felony Sentence: 304.58 months Jail Credit: 674 days
Case 11-11697 Battery on a Correctional Support Employee; § 784.07(2)(b); Third Degree Felony; 5 year max. Sentence: 304.58 months Jail Credit: 472 days
When appellant arrived at the DOC, officials informed him that his “controlling case number” in calculating jail credit was the felony driving with a suspended license *962 conviction, for which he had received only one day of jail credit, as opposed to the second degree murder conviction, for which he had received 674 days of credit. In his motion for postconviction relief, appellant swore that had he known that he would not actually receive credit for the 674 days, he would not have entered the plea. The trial court summarily denied the motion based upon the State’s response, which noted that appellant was simply mistaken as to how the DOC structures jail credit and this was not grounds to determine his plea was involuntary. This appeal follows.
The voluntariness of a plea depends on the defendant’s understanding of the direct consequences of that plea. See Major v. State, 814 So.2d 424, 428 (Fla.2002). A direct consequence is one that has a “definite, immediate, and largely automatic effect on the range of the defendant’s punishment.” Id. (quoting State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995)); see also State v. Partlow, 840 So.2d 1040, 1043 (Fla.2003).
The application of jail credit to the sentences in this case is a direct conser quence of appellant’s sentence. See, e.g., Thompson v. State, 60 So.3d 563, 564 (Fla. 2d DCA 2011); Reyna v. State, 18 So.3d 1181, 1133 (Fla. 2d DCA 2009). “[W]hen a defendant receives concurrent sentences for different cases, the defendant is entitled to credit against each sentence only for the time spent in jail for the charge resulting in that sentence.” Salazar v. State, 995 So.2d 1058, 1059 (Fla. 4th DCA 2008). Here, the DOC considered the sentence with the least jail credit (one day) as the primary sentence for determining a release date. Thus, appellant was not given jail credit for the nearly two years he had already served. Consequently, he will have to serve the 304.58 months (minus one day) in addition to the 674 days that he has already spent in the county jail on what are his most serious offenses — murder and attempted murder.
We conclude that appellant’s motion challenging the plea as involuntary is facially sufficient. The application of jail credit to the sentences as they were structured was a direct consequence of the plea, and appellant claims he had no notice that the DOC would calculate his sentence on the basis of the lesser charge. We thus reverse for further proceedings, as the record attachments do not conclusively refute appellant’s allegations.
GERBER and FORST, JJ., concur.
WARNER, J., concurs specially.