NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JASON MAURICE WILLIAMS,
DOC# T33940,

      Appellant,

v.                                                                  Case No. 2D17-601

STATE OF FLORIDA,

      Appellee.

_____

Opinion filed October 10, 2018.

Appeal from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

PER CURIAM.

      This appeal is proceeding in accord with Anders v. California, 386 U.S.

738 (1967).  Mr. Williams challenges his convictions and sentences in five cases.  He

entered guilty pleas in three cases at one hearing and later entered guilty pleas to the

two remaining cases at a separate hearing.  He was sentenced on all five offenses at a

single sentencing hearing.  The three offenses resolved at the first plea hearing carried

sentences scored under the Criminal Punishment Code, while the two resolved at the second plea hearing carried habitual felony offender sentences.

We have reviewed the record in depth and ordered the trial court to reconstruct the scoresheet used at the plea hearing on the first three cases, which was not available for inclusion in our record on appeal. That review reflects potential issues with respect to the sentences imposed. Those include but are not limited to (1) whether the combined sentencing of all five cases resulted in Mr. Williams receiving sentences on the three cases resolved at the first plea hearing other than those described to him at that hearing, (2) the effect of discrepancies in the lowest permissible sentence for those three offenses stated by the trial court on the record at the first plea hearing and the scoresheet used at the first plea hearing, (3) the fact that the lowest permissible sentence calculated under the scoresheet in case number 15-16358 was both above the statutory maximum for the offense while potentially below the lowest permissible sentence as scored on the scoresheet used at the combined sentencing hearing and a different scoresheet used during the first plea hearing, and (4) whether the primary offense at sentencing for the purposes of the Criminal Punishment Code scoresheets changed in regard to the combination of the pleas for sentencing and the habitualization of some but not all offenses. See generally §§ 921.002(1)(f), (1)(g), .0024(2), (3), Fla. Stat. (2015); Fla. R. Crim. P. 3.704(d)(1), (d)(25); Moore v. State, 882 So. 2d 977, 985 (Fla. 2004); Butler v. State, 838 So. 2d 554, 556 (Fla. 2003); Parks v. State, 223 So. 3d 380, 383 (Fla. 2d DCA 2017) (en banc); see also Colon v. State, 199 So. 3d 960 (Fla. 4th DCA 2016); Dennard v. State, 157 So. 3d 1055 (Fla. 4th DCA 2014).

Mr. Williams, however, never sought to enforce his plea agreement, to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170, or to correct his

sentences pursuant to Florida Rule of Criminal Procedure 3.800(b), leaving us unable to address these potential issues in this appeal.  See, e.g., Murray v. State, 36 So. 3d 792, 793 (Fla. 1st DCA 2010); Henderson v. State, 853 So. 2d 603, 604 (Fla. 5th DCA 2003) (Sharp, J., specially concurring).  Accordingly, we affirm Mr. Williams' convictions and sentences without prejudice to any right he may have to seek relief pursuant to Florida Rules of Criminal Procedure 3.800(a) or 3.850 or Florida Rule of Appellate Procedure 9.141(d).  See, e.g., Agosto-Molina v. State, 933 So. 2d 26, 27 (Fla. 2d DCA 2006).

Affirmed.

KHOUZAM, CRENSHAW, and SALARIO, JJ., Concur.